UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PEPPER MANUEL | CIVIL ACTION |
| VERSUS | NO: 22-3194 |
| PROTECTIVE INSURANCE COMPANY, ET AL | SECTION: "T" (4) |

### ORDER AND REASONS

The Court has before it Defendant FedEx Ground Package System, Inc.'s ("FedEx") Motion in Limine to exclude any evidence or testimony at trial from Plaintiff Pepper Manuel's life care planner and vocational rehabilitation expert, Nancy Favaloro, and retained economist, Dr. Randolph Rice. Doc. 27. Plaintiff has responded in opposition, R. Doc. 42, and FedEx has filed a reply memorandum, R. Doc. 53.

FedEx challenges the expert report and testimony of Favaloro as inadmissible under Federal Rule of Evidence 702 and *Daubert*. R. Doc. 27-1 at 3; *see also Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993). Because Rice's expert report on Plaintiff's projected medical costs relies on Favaloro's report, FedEx argues that his testimony must also be excluded. *Id.* at 7–8. FedEx's principal argument is that Favaloro's report is unreliable because it is based on alleged statements and recommendations by Plaintiff's treating physicians that differ from those treating physicians' deposition testimony. But, "[a]s a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned to that opinion rather than its

1

admissibility and should be left for the jury's consideration." *United States v. 14.38 Acres of Land, More or Less Situated in Leflore Cty., State of Miss.*, 80 F.3d 1074, 1077 (5th Cir.1996). Favaloro's report is ostensibly based on opinions expressed by Plaintiff's treating physicians during Favaloro's private consultations with those doctors. As Plaintiff argues, if the treating physician's deposition testimony and/or testimony at trial indeed differs from the conclusions Favaloro made after speaking with them, "these doubts and potential ambiguities go to the weight of Mrs. Favaloro's report and opinions, not admissibility." This is thus a matter for FedEx to pursue through vigorous cross-examination of Plaintiff's expert witnesses at trial, not for exclusion under *Daubert*.

FedEx also argues that Favaloro's opinions as to Plaintiff's claims for lost wages and loss of future earning capacity be omitted because, it claims, "Plaintiff has failed to produce any evidence of his past lost wages." R. Doc. 53 at 5. But, as FedEx acknowledges, Plaintiff has produced such evidence in the form of his own handwritten notes from his trucking business. *Id.* FedEx complains these notes are "unsigned and undated" inadmissible hearsay. *Id.* But all evidence upon which an expert bases her report need not be admissible. *See* Fed. R. Evid. 703. FedEx's argument thus goes to the *sufficiency* of Plaintiff's lost wages evidence, not the admissibility of Favaloro's expert opinion based on that evidence. This, too, is a matter for cross-examination at trial, not exclusion under *Daubert*.

Having determined that Favaloro's report is admissible, the Court finds no merit in FedEx's argument that Rice's report is inadmissible as based on Favaloro's report.

Accordingly, FedEx's Motion, R. Doc. 27, is **DENIED**.[1]

New Orleans, Louisiana, this 31st day of October, 2023.

                                                                                    _____
                                                                                    Greg Gerard Guidry
                                                                                    United States District Judge

---

[1] In its reply memorandum in support of the instant motion, R. Doc. 53, FedEx objects to the admission of a "previously undisclosed" report from Favoloro that Plaintiff submitted as an exhibit to his opposition memorandum. *See* R. Doc. 42-2 at 4–9. However, Favaloro's report was revised only to correct an error: that one of Plaintiff's treating physicians stated, in conference with Favaloro, that Plaintiff would likely require future *cervical* ablations, rather than *lumbar* ablations. *See id.* at 2. The Court finds no significant prejudice to FedEx in allowing Plaintiff to make this typographical correction, and thus declines to exclude Favaloro's revised report.