UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PEPPER MANUEL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 22-3194** |
| **PROTECTIVE INSURANCE COMPANY, ET AL** | **SECTION: "T" (4)** |

## ORDER AND REASONS

The Court has before it Plaintiff Pepper Manuel's Motion in Limine to exclude at trial any reference to his 2013 conviction for possession with intent to distribute marijuana. R. Doc. 31. Defendant FedEx Ground Package System, Inc. ("FedEx") has responded in opposition. R. Doc. 38. Plaintiff argues that evidence of his past conviction is irrelevant to this case and thus inadmissible under Federal Rules of Evidence 401 and 402, or that, even if relevant, this evidence must be excluded as more prejudicial than probative under Rule 403. R. Doc. 31-1 at 2.

FedEx argues this evidence is relevant and admissible only as to the question of any damages for loss of future earning capacity Plaintiff may be awarded should he be successful in this action. R. Doc. 38 at 2. FedEx points out that "Plaintiff's future employment prospects were already limited due to his criminal history" and extended term of incarceration, due to the resultant lack of work experience and training and Plaintiff's current status on parole, as well as the fact of the conviction itself. R. Doc. 38 at 2.

Rule 401 states that evidence is relevant if it "it has any tendency to make a fact more or less probable than it would be without the evidence" and "is of consequence in determining the action." Here, as FedEx argues, Plaintiff's past conviction is relevant to the calculation of his

1

potential future income, and thus is relevant to the question of what amount of future income Plaintiff may have lost due to injuries for which FedEx may be liable in this action. Thus, this evidence is admissible under Rule 402, unless prohibited by another federal rule.[1]

Rule 404 prohibits the use of a past conviction as character evidence, but also provides that evidence may be admissible "for another such purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). Plaintiff argues that "[n]one of the permitted uses under Rule 404(b) apply to Mr. Manuel's 2013 conviction." R. Doc. 31-1 at 2. However, Rule 404(b) does not provide an exclusive list of permitted uses, as evidenced by the Rule's use of the words "such as" before its list of examples. Accordingly, Rule 404 does not prohibit the admission of Plaintiff's past conviction for the purpose of calculating his potential award for lost future wages.

The Advisory Committee notes to Rule 404 state that, when criminal history evidence is admissible under 404(b), a "determination must be made whether the danger of undue prejudice outweighs the probative value of the evidence in view of the availability of other means of proof and other factors appropriate for making decisions of this kind under Rule 403." Rule 403 provides, *inter alia*, that relevant evidence may be excluded if its probative value is "substantially outweighed" by the danger of "unfair prejudice[.]" Here, Plaintiff's past conviction is probative to his potential award for lost future wages only. It is unclear that any other means of proof would be available to FedEx to argue a reduced entitlement in lost future wages because of Plaintiff's conviction and resultant consequences other than the fact of the conviction itself. Additionally, this evidence will be minimally prejudicial to Plaintiff because it may be considered only as to the

---

[1] Rule 402 also provides that relevant evidence is inadmissible if prohibited by the United States Constitution or a federal statute. However, Plaintiff does not argue that the Constitution or any such statute applies here.

issue of damages in this matter. It is completely irrelevant, and therefore inadmissible, as to the issue of FedEx's potential liability for Plaintiff's injuries. Thus, this evidence need not be excluded under Rule 403.

Accordingly, Plaintiff's Motion, R. Doc. 31, is **DENIED**, and FedEx shall be permitted to introduce evidence of Plaintiff's past conviction, limited to the name of the crime, the time and place of conviction, and the punishment, for the limited purpose of challenging the amount of damages for future lost income to which Plaintiff may be entitled in this action.

New Orleans, Louisiana, this 31st day of October, 2023.

_____
Greg Gerard Guidry
United States District Judge